**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

|  |  |
|---|---|
| SUSAN J. PEABODY, | No. 10-56846 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-06485-AG-RNB |
| v. | |
| TIME WARNER CABLE, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted July 11, 2012
Pasadena, California

Before: TALLMAN and N.R. SMITH, Circuit Judges, and BURGESS, District
Judge.[**]

Susan Peabody appeals the district court's summary judgment in favor of

Time Warner Cable, Inc. ("TWC") in Peabody's putative class action on behalf of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Timothy M. Burgess, District Judge for the U.S.
District Court for Alaska, sitting by designation.

current and former employees of TWC who held the position of "account executive." Peabody alleges violations of California's wage and overtime laws. The case was removed to federal court under the Class Action Fairness Act, 28 U.S.C. § 1332(d), and diversity jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's conclusion that TWC did not retroactively change commission payments owed to Peabody.

Under California law, "contractual terms must be met before an employee is entitled to a commission." *Steinhebel v. Los Angeles Times Commc'n*, 126 Cal. App. 4th 696, 705 (2005). Here, Peabody admitted that under the terms of her contract, she was not entitled to any commissions until the advertising aired, regardless of when the customer paid. Therefore, TWC was entitled to pay Peabody under the new commission rate for advertising that aired after the rate changed, and Peabody's argument that TWC retroactively reduced her compensation is unavailing. There is also no evidence that TWC changed the commission rate in bad faith.

As to the other four issues Peabody here appeals, we have filed contemporaneously herewith a certification order to the Supreme Court of California to determine whether commission payments can be equitably allocated over the pay period in which they are earned. This underlying question is

2

necessary for this panel to resolve the remaining issues. We will wait to resolve these issues until hearing further from the California Supreme Court.

**AFFIRMED.**